1
2
3
4
5
6
7
8
9        **UNITED STATES DISTRICT COURT**
10   **CENTRAL DISTRICT OF CALIFORNIA-WESTERN DIVISION**
11
12
13
14
15   DANIEL J. SULLIVAN,              )     Case No. CV 08-07555 (SH)
                                      )
16              Plaintiff,            )     MEMORANDUM DECISION
                                      )     AND ORDER
17        v.                          )
                                      )
18   MICHAEL J. ASTRUE,               )
     Commissioner of Social Security, )
19                                    )
                Defendant.            )
20   _____)
21

22        This matter is before the Court for review of the decision by the Commissioner of

23   Social Security denying plaintiff's application for Disability Insurance Benefits under

24   Sections 216(i) and 223 of the Social Security Act.  Pursuant to 28 U.S.C. § 636(c), the

25   parties have consented that the case may be handled by the undersigned.  The action

26   arises under 42 U.S.C. § 405(g), which authorizes the Court to enter judgment upon the

27   pleadings and transcript of the record before the Commissioner.  The plaintiff and the

28   defendant have filed their pleadings (Plaintiff's Motion for Summary Judgment;

1

1
2
Memorandum in Support of Defendant's Motion for Summary Judgment ["Defendant's

Motion"]; Plaintiff's Reply), and the defendant has filed the certified transcript of record.

3
4
After reviewing the matter, the Court concludes that the decision of the Commissioner

should be reversed and remanded .

5
6
On July 14, 2004, plaintiff Daniel Sullivan filed an application for a period of

disability or Disability Insurance Benefits, alleging an inability to work since April 27,

7
8
2003, due to lower back and right shoulder injuries, left arm pain, left hand numbness,

right knee pain, and depression.  (Administrative Record ["AR"] 641-43, 672-73).  On

9
10
April 27, 2007, an Administrative Law Judge ("ALJ") determined that plaintiff was not

disabled within the meaning of the Social Security Act.  (AR 27-38).

11
12
Following the Appeals Council's denial of plaintiff's request for a review of the

hearing decision (AR 16-18), plaintiff filed an action in this Court.

13
14
Plaintiff makes three challenges to the ALJ's Decision denying benefits.  Plaintiff

alleges that the ALJ erred in (1) failing to articulate specific and legitimate reasons for

15
16
rejecting the opinions of plaintiff's treating physician, Dr. Dennis Ainbinder, and

plaintiff's examining physician, Dr. Lawrence Meltzer; (2) discounting plaintiff's

17
18
testimony; and (3) failing to articulate specific and legitimate reasons for rejecting the

opinions of plaintiff's treating psychiatrist, Dr. Noel Lustig.

19
20
For the reasons discussed below, the Court finds that plaintiff's first claim of error

has merit.  Since the matter is remanded based on plaintiff's first claim of error, the Court

21
22
will not address plaintiff's second and third claims of error.

23
24
**ISSUE NO. 1:**

25
Plaintiff asserts that the ALJ failed to provide specific and legitimate reasons for

26
27
rejecting the opinions of Dr. Dennis Ainbinder, plaintiff's treating physician, and Dr.

Lawrence Meltzer, plaintiff's examining physician.  In response, defendant argues that

28

1  the ALJ provided specific and legitimate reasons for rejecting the opinion evidence of

2  Drs. Ainbinder and Meltzer.

3      In a Medical Source Statement dated October 8, 2004, Dr. Dennis Ainbinder (of

4  Ainbinder Orthopedic Medical Group, Inc.), an orthopedic surgeon who apparently began

5  treating plaintiff in October 2002 (see AR 908)[1] and who prescribed physical therapy

6  (and later cardio rehabilitation) for a right shoulder sprain) from October 2003 through

7  August 2004 (see AR 787-93, 795, 797; see also AR 851-78), stated that plaintiff could

8  do the following: lift and/or carry less than 10 pounds occasionally and 10 pounds

9  frequently; stand and/or walk at least 2 hours per workday; sit less than 6 hours per

10 workday; balance, handle (gross manipulation), finger (fine manipulation) and feel

11 frequently; and reach occasionally less than 10 pounds.  Dr. Ainbinder further stated that

12

13 plaintiff should never climb, stoop, kneel, crouch or crawl, should not work in

14 unprotected heights and cold temperature extremes, and (with respect to the right

15 shoulder) should not do any heavy lifting, pushing or pulling above the shoulder level.

16 (See AR 906-10).

17      On January 13, 2005, following an evaluation of plaintiff, Dr. Ainbinder prepared

18 a progress report.  Dr. Ainbinder made the following diagnoses: MRI evidence of

19 acromioclavicular arthrosis in the right shoulder; a resolved sprain of the right ankle; a

20 lumbar myofacial sprain with disc protusions; status post arthroscopic surgery of the left

21 knee; a psychiatric diagnoses (per Dr. Lustig); a resolved right knee contusion; and

22

23 probable hypertension and atypical chest pain (per Dr. Burstein).  Dr. Ainbinder

24 recommended arthoscopic surgery of the right shoulder.  Dr. Ainbinder reported that

25 plaintiff was temporarily totally disabled.  (See AR 959-69).

26

27 _____

28      [1]   On July 18, 2003, Dr. Ainbinder referred plaintiff to Dr. N. Lustig, a
   psychiatrist, for consultation and possible treatment for emotional symptoms which were
   "complicating and interfering with" Dr. Ainbinder's treatment of plaintiff.  (See AR 785-
   86).

1    On March 3, 2005, Dr. Ainbinder prepared another progress report.  After noting

2  that the insurance company had denied permission for plaintiff's surgery, Dr. Ainbinder

3  made the same diagnoses as before, with the addition of a hernia.  Dr. Ainbinder reported

4  that plaintiff was to be considered permanently partially disabled.  (See AR 970-73).

5    On April 21, 2005, following another evaluation of plaintiff, Dr. Ainbinder

6  prepared another progress report.  Dr. Ainbinder reported the same diagnoses as on

7  March 3, 2005.  Dr. Ainbinder reported that plaintiff continued to be permanently

8  partially disabled.  (See AR 980-84).

9

10    On May 26, 2005, following another evaluation of plaintiff, Dr. Ainbinder

11  prepared a progress report.  Dr. Ainbinder reported the following diagnoses:

12  acromioclavicular arthrosis of the right shoulder; prior right ankle sprain with a fracture

13  of the talus and posterior tibial tendinosis; a recent right ankle sprain; a lumbar myoficial

14  sprain with disc bulges; a status post anterior cruciate ligament reconstruction of the left

15  knee; a contusion of the right knee; a prior right knee sprain; and a history of a hernia.

16  Dr. Ainbinder reported that plaintiff was temporarily totally disabled.  (See AR 1097-

17  1101).

18    On June 13, 2005, following another evaluation of plaintiff, Dr. Ainbinder

19  prepared a progress report, addressing plaintiff's lumbar spine, right shoulder, right

20  ankle, left knee and right knee.  Dr. Ainbinder reported the following diagnoses:

21  acromioclavicular arthritis of the right shoulder; a rink ankle sprain with a fractured talus,

22  and multiple other sprains; a lumbar myofascial sprain with disc bulges; a status post

23  anterior cruciate ligament reconstruction of the left knee; and a torn medial meniscus of

24  the right knee.  Dr. Ainbinder recommended arthroscopic surgery of the right knee.  Dr.

25

26  Ainbinder reported that plaintiff was temporarily totally disabled.  (See AR 1085-93).[2]

27

28

---

[2]    This was the only one of Dr. Ainbinder's reports that the ALJ summarized.
The ALJ wrote the following summary:
    "Dennis Ainbinder, M.D., saw the claimant on June 13, 2005, for
                                (continued...)

4

On July 28, 2005, following another evaluation of plaintiff, Dr. Ainbinder prepared a progress report, addressing the same areas.  Dr. Ainbinder reported the same diagnoses as on June 13, 2005.  Dr. Ainbinder reported that plaintiff continued to be temporarily totally disabled.  (See AR 1078-82).

On October 17, 2005, following another evaluation of plaintiff, Dr. Ainbinder prepared a progress report, addressing the same areas.  Dr. Ainbinder reported the same diagnoses, but ruled out a torn labrum of the right shoulder.  Dr. Ainbinder reported that plaintiff continued to be temporarily totally disabled.  (See AR 1073-77).

On January 5, 2006, following another evaluation of plaintiff, Dr. Ainbinder prepared a progress report, addressing the same areas as well as one of plaintiff's left fingers.  Dr. Ainbinder reported the following diagnoses: impingement syndrome of the right shoulder with arthrosis of the acromioclavicular joint; a right ankle sprain with a

---

[2] (...continued)
reevaluation and progress report.  The claimant's chief complaints were pain in the low back, right shoulder, right ankle, and bilateral knees.  On physical examination, the right shoulder examination revealed no gross atrophy of the musculature of the shoulder joints, no redness, warmth or swelling of the shoulder.  There was tenderness to the right acromioclavicular joint and pain on terminal forward flexion, abduction, and adduction, and internal rotation.  The rest of the shoulder exam was negative.  Motor strength was 5/5 bilaterally.  Range of motion was normal bilaterally, and reflexes were two plus bilaterally.  Sensation was intact to light touch and pinprick in the upper extremities.  Lumbrosacral spine examination revealed a normal gait.  The claimant was able to stand on heels and toes without difficulty.  The pelvis was level, and there was no loss of the normal lordosis.  There was tenderness to the midline and the paraverterbral muscles, and there was pain on terminal extension.  Range of motion was normal except for forward flexion.  The hips were normal bilaterally.  Motor power was 5/5 bilaterally, and reflexes of the knees and ankles were two plus bilaterally.  Sensation was intact to light touch and pinprick in the lower extremities.  Examination of the claimant's knees revealed that he walked with a normal gait.  There was pain on terminal flexion bilaterally, and tenderness to the medial joint line of the right knee.  The rest of the examination was within normal limits.  Examination of the right foot/ankle revealed generalized tenderness to the anterolateral joint line just anterior to the fibula.  There was pain on terminal flexion and extension.  The claimant was using crutches non-weight bearing on the right lower extremity.  The rest of the examination was within normal limits.  An MRI of the right knee revealed a torn medial meniscus.  The diagnoses were MRI evidence of acromioclavicular arthrosis right shoulder; sprain rink ankle with fractured talus, per MRI, and multiple other sprains; lumbar myofascial sprain with disc bulge L3-L4, L5-S1, and L2-L3; status post anterior cruciate ligament reconstruction left knee with arthoscopic surgery; and torn medial meniscus right knee (Exhibit B-24F, page 35).  Dr. Ainbinder opined the claimant was temporarily totally disabled (Exhibit B-24F, page 36)."  (AR 34).

fracture of the talus; a lumbar myofascial sprain with disc bulges; a lumbar spine with disc bulges; a status post anterior cruciate ligament reconstruction of the left knee; a torn medial medial meniscus of the right knee; and a mallet finger deformity of the left small finger.  Dr. Ainbinder recommended arthroscopic surgery of the right knee and arthroscopic subacromial decompression of the right shoulder.  Dr. Ainber reported that plaintiff continued to be permanently partially disabled.  (See AR 1066-70).

Nonetheless, in the Decision, the ALJ, who found that plaintiff had three severe impairments -- depression and status post knee and shoulder surgery -- determined that plaintiff had the residual functional capacity to lift and/or carry 50 pounds occasionally, to lift and/or carry 25 pounds frequently, to bend and squat occasionally, and to overhead reach occasionally.  (See AR 30).

The ALJ addressed the opinions of Dr. Ainbinder as follows:

"The undersigned has considered Dr. Ainbinder's opinion of June 13, 2005, that the claimant was temporarily totally disabled (Exhibit B-24F, page 36).  However, his opinions are not well supported, as the extreme limitations are not backed by citations to medical signs and laboratory results as required by SSR 96-4p.  His conclusions are inconsistent with the totality of the record.  Furthermore, Dr. Brovender testified that the report was essentially normal.  The undersigned finds that Dr. Ainbinder's opinions are neither persuasive nor controlling (20 CFR § 404.1527(d) and SSR 96-2p)."  (AR 36).

Here, the ALJ did not provide specific and legitimate reasons for rejecting the opinion evidence of Dr. Ainbinder.  See Morgan v. Apfel, 169 F.3d 595, 596 (9th Cir. 1999); Reddick v. Chater, 157 F.3d 715, 725 (9th Cir. 1998); Magallanes v. Bowen, 881 F.2d 747, 751 (1989).  First, it appears that the ALJ only considered Dr. Ainbinder's June 13, 2005 progress report; none of Dr. Ainbinder's other reports are even mentioned in the Decision.  Second, although the ALJ states that Dr. Ainbinder's conclusions are "inconsistent with the totality of the record," the ALJ has failed to specify what medical records are not consistent with Dr. Ainbinder's conclusions.  Indeed, there are medical

records, including an orthopedic evaluation by Dr. Lawrence Meltzer on October 25, 2004 (see AR 913-23 [showing a reduced range of motion of the lumbar spine and tenderness in the right shoulder and marked pain with abduction and scapular fixation; reporting an impression of impingement sydrome of the right shoulder with a questionable rotator cuff tear, mild and chronic low back strain, a status post fracture right ankle recovered and a status post surgery of the knee recovered; and stating <u>inter alia</u> that plaintiff could lift and carry 20 pounds occasionally and 10 pounds routinely and could not reach above shoulder level with his right arm (and could only work at tabletop level)])[3] and a progress report by Dr. Lavi, D.O., an orthopedic surgeon, on September 28, 2006 (see AR 1158-61 [reporting discomfort in the right shoulder, right knee and lumbar spine, with a diagnosis of internal derangement of the right knee, impingement syndrome with acromioclavicular arthrosis of the right shoulder, and lumbar discopathy/facet arthropathy, and reporting that plaintiff was permanently partially disabled]) which appear to be consistent with Dr. Ainbinder's conclusions.  <u>See</u>  20 C.F.R. § 416.927(b)-(d) (the weight given a treating physician's opinion depends on whether it is supported by sufficient medical data and is consistent with other evidence in the record).

Finally, since the ALJ failed to cite to evidence supportive of Dr. Arthur Brovender's testimony about plaintiff's residual functional capacity (see AR 1227-28), the ALJ improperly relied on Dr. Brovender's testimony to reject Dr. Ainbinder's

---

[3]    Although the ALJ summarized Dr. Meltzer's October 25, 2004 orthopedic evaluation of plaintiff (see AR 32), the ALJ did not discuss Dr. Meltzer's findings.
    Based on the Court's determination that the ALJ failed to provide specific and legitimate reasons for rejecting Dr. Ainbinder's opinions, the Court will not address whether the ALJ failed to provide specific and legimate reasons for rejecting the opinions of the examining physician, Dr. Meltzer.
    While defendant contends that Dr. Meltzer's opinions supports the ALJ's rejection of Dr. Ainbinder's opinions (see Defendant's Motion at 4), the fact that the ALJ did not rely on or cite to Dr. Meltzer as a basis for rejecting Dr. Ainbinder's opinions precludes the Court's from addressing defendant's contention.  <u>See</u> Ceguerra v. Secretary of Health & Human Services, 933 F.2d 735, 738 (9th Cir. 1991)("A reviewing court can evaluate an agency's decision only on the grounds articulated by the agency.").

opinion.  See Saelee v. Chater, 94 F.3d 520, 522 (9th Cir. 1996)("[T]he findings of a nontreating, nonexamining physician can amount to substantial evidence, so long as other evidence in the record supports those findings."); Morgan v. Commissioner of Social Sec. Admin., 169 F.3d 595, 600 (9th Cir. 1999) ("Opinions of a nonexamining, testifying medical advisor may serve as substantial evidence when they are supported by other evidence in the record and are consistent with it."); 20 C.F.R. § 404.1513(c).

### ORDER

For the foregoing reasons, the decision of the Commissioner is reversed, and the matter is remanded for further proceedings in accordance with this Decision, pursuant to Sentence 4 of 42 U.S.C. § 405(g).

DATED: March 2, 2010

_____
STEPHEN J. HILLMAN
UNITED STATES MAGISTRATE JUDGE

8